IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TIMOTHY CARPENTER                                                              PLAINTIFF

3:04CV00392HLJ

SHERIFF LARRY MILLS, et al.                                                    DEFENDANTS

MEMORANDUM AND ORDER

I.  Introduction

This matter is before the Court on defendants' motion for summary judgment (DE #21). Plaintiff has filed a response in opposition to the motion (DE #24).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on November 24, 2004, while incarcerated at the Poinsett County Detention Center (Jail) as a pre-trial detainee.  Plaintiff continues to be incarcerated at the Jail at the time of this Order.   He alleges unconstitutional conditions of confinement such as: 20-26 hours of lock-down in the cells at a time; no lighting in the cell; padlock on the cell door; inadequate time outside for recreation or fresh air; no access to newspapers or other sources of news.  Plaintiff asks for monetary and injunctive relief from defendants Sheriff Larry Mills, Jail Administrator Wayne Cuzzort, and Acting Jail Administrator Kevin Molder.

II.. Motion for Summary Judgment

A. Defendants' Motion

In support of their motion, defendants state that plaintiff has failed to state a constitutional violation against them in their official capacities because plaintiff does not allege that a county policy or custom is the moving force behind the alleged violations.  Defendants also state that they are protected from liability in their individual capacities by qualified immunity because plaintiff has admitted in discovery that he never spoke with defendant Mills,

1

that defendant Cuzzort did nothing wrong, and that he had no other contact with defendant Molder other than to send him grievances. Defendants also note that prior to this present incarceration on charges of forgery, plaintiff had been charged with escape from an institution. Defendants state that at the time plaintiff entered the Jail he signed the rules and regulations which state that inmates are provided opportunities for daily activities in the day room and exercise yard, weather permitting.

B. Plaintiff's Response

In response, plaintiff states that according to the lockdown policy, inmates in the top level of his cellblock receive day room time from 8 a.m. until 12 noon the first day, and then are locked-down twenty-six hours until their time in the day room the next day, from 2 p.m. until 6 p.m. Plaintiff states that the two levels alternate the times in the day room this way, so that some days they are locked down sixteen hours and others, twenty-six hours, before receiving day room time. Plaintiff also states that he is not permitted to receive newspapers, that he has no lights in his cell, and that seventy percent of the other cells have no lights. He states that he has been outside for fresh air about six times in eight months and that the conditions are "killing" him. Plaintiff states that he wrote defendants Mills and Molder every day and no one ever came to see him, and that he wrote grievances and requests to all three defendants, without any relief. Finally, plaintiff states that the escape charge referred to by the defendants occurred in 1984.

C. Standard of Review.

Summary judgment is appropriate absent a dispute of material facts and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. In reviewing such a motion, facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the moving party must establish both the absence of a genuine issue of

material fact and that it is entitled to judgment as a matter of law. Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586-7 (1986). Once the moving party meets this burden, "the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists." Davis v. Sancegraw, 850 F.Supp. 809, 812 (E.D.MO 1993). See also Canada v. Union Electric Company, 135 F.3d 1211, 1213 (8th Cir. 1997.

D. Analysis

    1) Official capacity claims - The Court will grant defendants' motion with respect to the official capacity claims. Plaintiff does not allege a particular policy or custom of the County which serves as the driving force behind the alleged unconstitutional practices at the Jail. See Stauch v. City of Columbia Heights, 212 F.3d 425, 432 (8th Cir. 2000).

    2) Individual capacity claims - An Eighth Amendment deliberate indifference analysis is generally applied to a pretrial detainee's claims of unconstitutional conditions of confinement. See Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). In order to prevail on such a claim, plaintiff must show that the defendants were deliberately indifferent to his needs for exercise, news, and adequate cell conditions. Wishon v. Gammon, 978 F.2d 446, 448-9 (8th Cir. 1992). With respect to plaintiff's claim that on alternate days he spends twenty-six hours locked down before receiving day room time, the Court finds no constitutional violation. In Wishon, supra, the Court upheld as constitutional an exercise time of forty-five minutes per week, and three hours per week was upheld in Hosna v. Groose, 80 F.3d 298, 306 (8th Cir. 1996). However, defendants have not addressed the alleged practice of not permitting outside time. In Allen v. Sakai, 48 F.3d 1082 (9th Cir. 1995), the court held that summary judgment was not appropriate where the prisoner was only allowed weekly outdoor exercise over a six-week

period, and in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000), the court reversed a grant of summary judgment when an inmate complained about a six and one-half week denial of outdoor exercise. Although defendants may have legitimate security reasons to support such a practice, they have offered no information about such in response to plaintiff's allegations, and have provided no affidavits in support of the statements asserted in their motion. Therefore, the Court finds a sufficient dispute of fact concerning this issue to render summary judgment inappropriate.

Defendants also do not address plaintiff's allegations concerning the lack of lighting in his cell area, the padlock on his cell door, or his inability to receive news in any form. Although the Court has not found any cases specifically referring to the amount of lighting required, the Court is concerned about plaintiff's allegations of no light in his cell, and very little light surrounding him for extended periods of each day. In addition, the refusal to permit inmates to receive books, magazines and newspapers was considered unconstitutional in Parnell v. Waldrep, 511 F. Supp. 764, 768 (W.D.N.C. 1981). Again, while defendants' actions may be justified by security concerns, since they have not addressed the issue, the Court finds summary judgment inappropriate.

3) Qualified Immunity.

The Court finds that a sufficient dispute of fact exists so as to render qualified immunity inappropriate at this time. Qualified immunity applies if the acts of government officials did not violate clearly-established constitutional or statutory rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). According to the Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001), the Courts must first consider whether the facts, as alleged, show that the defendants' conduct violated a constitutional right. If a violation could be made out on a favorable view of the parties' submissions, the Court must next determine

whether the right was clearly established. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right....If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Id. At 202.

In this particular case, the Court initially notes that because of the factual disputes between the parties, it can not determine if the defendants violated plaintiff's Constitutional rights. Plaintiff states in his response to the summary judgment motion that he notified all three defendants of the difficulties he was facing due to the allegedly unconstitutional conditions. However, assuming plaintiff's allegations are true, and that a constitutional violation could be proved, the next question is whether the right was clearly established. Since defendants failed to address these issues, the Court can not hold at this time that they are protected from liability. Therefore, in light of the analysis set forth in Saucier, supra, summary judgment based on qualified immunity is not appropriate. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #21) is hereby GRANTED in part with respect to plaintiff's allegations against them in their official capacities, and DENIED with respect to plaintiff's allegations against them in their individual capacities.

IT IS SO ORDERED this 11th day of July, 2005.

                                                          */s/ Henry L. Jones, Jr.*
                                                          United States Magistrate Judge